PEOPLE, PLAINTIFF AND APPELLEE, *v.* COLÓN, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in an Action for Violation of the Weights and Measures Act.

No. 1250.—Decided April 18, 1918.

WEIGHTS AND MEASURES—SHORT MEASURE.—The offense defined and penalized by Act No. 135 of 1913 consists in selling short measure no matter whether the goods were manufactured before or after the law went into effect.
ID.—ID.—CRIMINAL INTENT.—Malicious intent is a mere surplus averment in a complaint charging a sale by short measure.

The facts are stated in the opinion.
*Mr. Manuel A. Rivera* for the appellant.
*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

A complaint for selling a short measure is not demurrable because the goods were manufactured before the enactment of the law governing the crime, namely, Act No. 135 of 1913. The offence consists in selling short measure no matter when the goods were manufactured. The idea of the said law was to affect no contract made prior to its date, but the sale here is a contract and such contract was made after the date of the law.

Appellant complains of lack of proof of a criminal in-

tent.  The complaint charges such intent, but in this regard the case does not differ from *People* v. *Escriba, ante,* p. 207. A malicious intent is a mere surplus averment in a complaint of this character.  The appellant marked the bundles of goods himself and was bound to know their contents.

While it may be true, as appellant maintains, that tobacco of the kind here mentioned is ordinarily sold by the piece, or *rollo,* yet the appellant marked this alleged piece as containing 70 yards when in point of fact it contained 63 yards and 16 inches, which is an offence under section 18 of the Act of August 18, 1913, as follows:

"Section 18.—No person shall mark or stamp, or permit or cause to be marked or stamped, any false or short weight or measure, or any false tare upon any box, package, bundle or container in which goods, wares or merchandise are packed or sold, or intended to be sold or offered for sale."

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.